IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:22-CT-3421-D

DAVID L. ROWLAND, JR., )
)
            Plaintiff, )
)
v. ) **ORDER**
)
BONNIE PIERCE, et al., )
)
           Defendants. )

On November 21, 2022, David L. Rowland, Jr. ("Rowland" or "plaintiff"), a pretrial detainee proceeding pro se and in forma pauperis, filed this action [D.E. 1, 2, 7]. As explained below, the court dismisses the action.

I.

When a litigant seeks leave to proceed in forma pauperis, the court shall dismiss the case if the court determines that the action is frivolous or malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915(e)(2). A frivolous case "lacks an arguable basis either in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989). "Legally frivolous claims are based on an indisputably meritless legal theory and include claims of infringement of a legal interest which clearly does not exist." Adams v. Rice, 40 F.3d 72, 75 (4th Cir. 1994) (quotations omitted).

The standard used to evaluate the sufficiency of a pleading is flexible, "and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam) (quotation omitted). Erickson, however, does not "undermine [the] requirement that a pleading contain 'more than labels

and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); see Ashcroft v. Iqbal, 556 U.S. 662, 677–83 (2009); Coleman v. Md. Court of Appeals, 626 F.3d 187, 190 (4th Cir. 2010), aff'd, 566 U.S. 30 (2012); Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255–56 (4th Cir. 2009); Francis v. Giacomelli, 588 F.3d 186, 193 (4th Cir. 2009).

Rowland's complaint is unclear. On an unspecified date, Rowland was involved in a motor vehicle accident that resulted in substantial physical injuries, including the loss of his left arm. See Compl. [D.E. 1] 7; [D.E. 1-1] 2. In April 2021, Rowland hired defendant Pierce, a North Carolina attorney, to represent him in a lawsuit, but Pierce "abandoned [Rowland] and my case" and failed to file a court action while misleading Rowland about the status of the case for two years. [D.E. 1-1] 1–2. In addition to Pierce and her law firm, Rowland sues an insurance company, the Wake County Public Schools, and the "unknown name of driver who[] hit me[.]" Compl. at 1; [D.E. 1-1] 1.[1] Rowland seeks $100 million "tax free" in damages and requests appointment of counsel along with an order compelling production of certain records. Compl. at 8; [D.E. 1-1] 2–4.

Rowland describes his claims as arising under 42 U.S.C. § 1983. See Compl. at 2, 5; [D.E. 1-1] 3. "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." West v. Atkins, 487 U.S. 42, 48 (1988); see Philips v. Pitt Cnty. Mem'l Hosp., 572 F.3d 176, 180 (4th Cir. 2009). Additionally, because the doctrine of respondeat superior does not apply to section 1983 claims, a section 1983 plaintiff must

---

[1] Based on the vague allegations in the complaint, the court assumes without deciding that the other driver was employed by Wake County Public Schools and driving a "maintenance vehicle or van[.]" Compl. at 1 (cleaned up); [D.E. 1-1] 1 (cleaned up).

2

plausibly allege the personal involvement of a defendant. See, e.g., Iqbal, 556 U.S. at 676–77; Monell v. Dep't of Soc. Servs., 436 U.S. 658, 691–92 (1978); Wright v. Collins, 766 F.2d 841, 850 (4th Cir. 1985).

Section 1983 "excludes from its reach merely private conduct, no matter how ... wrongful." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999) (quotation omitted). Rowland "has not plausibly alleged that [Pierce and her law firm] were acting 'under color of state law,' as is required to state a claim under § 1983." Magassouba v. Cascione, Purcigliotti, & Galluzzi, P.C., No. 21-2584, 2022 WL 5056329, at *1 (2d Cir. Oct. 5, 2022) (unpublished); see Patterson v. Benson, No. C/A 0:09-2478-MBS, 2009 WL 4906583, at *3 (D.S.C. Dec. 18, 2009) (unpublished), aff'd, 381 F. App'x 304 (4th Cir. 2010) (per curiam) (unpublished). Insurance companies also do not act under color of state law. See Am. Mfrs. Mut. Ins. Co., 526 U.S. at 49–58; McAllister v. Malfitano, No. 7:17-CV-66-D, 2018 WL 2016311, at *2 (E.D.N.C. Apr. 30, 2018) (unpublished). Accordingly, the court dismisses any section 1983 claim against these defendants.

As for the Wake County Public Schools, the doctrine of respondeat superior does not generally apply to a section 1983 action. See, e.g., Iqbal, 556 U.S. at 677; Monell, 436 U.S. at 694; Carter v. Morris, 164 F.3d 215, 220–21 (4th Cir. 1999); Shaw v. Stroud, 13 F.3d 791, 798–99 (4th Cir. 1994). Instead, where a defendant is sued on the basis of supervisory liability, "[a] plaintiff must show actual or constructive knowledge of a risk of constitutional injury, deliberate indifference to that risk, and an affirmative causal link between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff." Carter, 164 F.3d at 221 (quotations omitted); see Shaw, 13 F.3d at 799. Rowland has not plausibly alleged facts sufficient to state a claim based on supervisory liability. See Ricketts v. Wake Cnty. Bd. of Educ., No. 5:21-CV-49, 2022 WL 3053762, at *12 (E.D.N.C. July 6, 2022) (unpublished), appeal filed, No. 22-1814 (4th Cir. Aug. 1, 2022).

3

Accordingly, the court dismisses any section 1983 claim against this defendant.

As for any section 1983 claim against the other driver, an automobile accident does not give rise to a federal cause of action merely because it involved the alleged negligent or even reckless driving of a government employee. See, e.g., Dexter v. Ford Motor Co., 92 F. App'x 637, 641 (10th Cir. 2004) (unpublished); Hill v. Shobe, 93 F.3d 418, 420–22 (7th Cir. 1996); Apodaca v. Rio Arriba Cty. Sheriff's Dep't, 905 F.2d 1445, 1446–47 (10th Cir. 1990); Fluker v. Cty. of Kankakee, 945 F. Supp. 2d 972, 990 (C.D. Ill. 2013), aff'd, 741 F.3d 787 (7th Cir. 2013); Carrasquillo v. City of New York, 324 F. Supp. 2d 428, 436 (S.D.N.Y. 2004). Rowland has not plausibly alleged "that the [driver] had actual knowledge of impending harm which he consciously refused to prevent[,]" and therefore has not alleged circumstances which "rise to the threshold of a constitutional violation actionable under § 1983[.]" Hill, 93 F.3d at 421; see Apodaca, 905 F.2d at 1447; Fluker, 945 F. Supp. 2d at 990; Carrasquillo, 324 F. Supp. 2d at 436. Thus, the court dismisses the claim.

To the extent Rowland asserts any state-law claims, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y & H Corp., 546 U.S. 500, 514 (2006). Accordingly, a federal court must determine if a valid basis for its jurisdiction exists and "dismiss the action if no such ground appears." In re Bulldog Trucking, Inc., 147 F.3d 347, 352 (4th Cir. 1998); see Fed. R. Civ. P. 12(h)(3). A party's failure to establish subject-matter jurisdiction may be raised at any time by any party or by the court. See Arbaugh, 546 U.S. at 506–07.

Generally, a plaintiff can file a case in federal district court if there is "federal question" jurisdiction under 28 U.S.C. § 1331 or "diversity" jurisdiction under 28 U.S.C. § 1332. There is no presumption that a federal court has subject-matter jurisdiction. See Pinkley, Inc. v. City of Frederick, 191 F.3d 394, 399 (4th Cir. 1999). If the complaint does not contain "an affirmative

4

pleading of a jurisdictional basis[,] a federal court may find that it has jurisdiction if the facts supporting jurisdiction have been clearly pleaded." Id.

Rowland's complaint does not assert any claim "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331; see Hall v. Curran, 599 F.3d 70, 71 (1st Cir. 2010); cf. Daker v. Alston & Bird LLP, No. 21-11363, 2022 WL 1224140, at *3 (11th Cir. Apr. 26, 2022) (per curiam) (unpublished); Cohen v. Hurson, 623 F. App'x 620, 620–21 (4th Cir. 2015) (per curiam) (unpublished). "[D]iversity jurisdiction does not exist unless *each* defendant is a citizen of a different State from *each* plaintiff." Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978) (emphasis in original). Rowland is a North Carolina citizen, as are several defendants. See Hall, 599 F.3d at 72; Daker, 2022 WL 1224140, at *2. Accordingly, the court lacks jurisdiction over any state-law claims.

II.

In sum, the court DISMISSES the action WITHOUT PREJUDICE in part for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B) and in part for lack of subject-matter jurisdiction. The clerk shall close the case.

SO ORDERED. This 6 day of March, 2023.

JAMES C. DEVER III
United States District Judge